UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC CORP. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |

TRANSFER ORDER

**Before the Panel:**[*] Before the Panel are three dockets involving allegations of defects in various models of pelvic surgical mesh products manufactured by three groups of manufacturers.[1] Plaintiffs in almost twenty actions before the Panel have moved pursuant to 28 U.S.C. § 1407, to centralize all MDL No. 2325, MDL No. 2326, and MDL No. 2327 actions in the Southern District of West Virginia. In MDL No. 2325, defendant AMS has moved to centralize the MDL No. 2325 actions in the District of Minnesota or, alternatively, if the Panel deems centralization of three MDLs to be appropriate, suggests the Southern District of West Virginia as transferee district. This litigation currently consists of approximately 150 actions spread across the country,[2] as listed on the attached schedules. The Panel has been notified of numerous additional potentially related actions.[3]

---

[*] Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

[1] American Medical Systems, Inc. and related entities (AMS); Boston Scientific Corp. (Boston Scientific); and Ethicon, Inc., Johnson & Johnson, and related entities (Ethicon).

[2] Two additional actions were included in the MDL No. 2325 motion, and a third action was included in the motions to centralize MDL Nos. 2325 and 2327, but they have each been remanded to state court or voluntarily dismissed. An additional unrelated action inadvertently was included in the MDL No. 2327 Section 1407 motion, but movants have withdrawn that action from consideration on the motion.

[3] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

Plaintiffs in over 100 actions and potentially related actions support centralization of all actions in the Southern District of West Virginia. Responding plaintiffs, alternatively or in the first instance, also have suggested other transferee districts for one or more of these MDLs, including the Eastern District of Louisiana, the Western District of Louisiana, the Eastern District of Pennsylvania, and the Northern District of California. Plaintiff in the District of New Jersey *Bienstock* action opposes centralization, and plaintiffs in the District of Nevada *Erwin* action request the Panel defer transferring their case until their motion for remand to state court is decided, but concede that if remand is denied, transfer is appropriate. Defendant Boston Scientific suggests centralization of the MDL No. 2326 actions in the Western District of Oklahoma or, if the Panel deems centralization of three MDLs in one district to be appropriate, supports the Southern District of West Virginia as transferee district. Defendant Ethicon suggests centralization of only the MDL No. 2327 actions in the District of New Jersey or, alternatively, the Northern District of Georgia.

Almost all parties agree that centralization of each of these separate MDLs is appropriate. The actions in each MDL share factual issues arising from allegations of defects in pelvic surgical mesh products manufactured by AMS, Boston Scientific, and Ethicon, respectively. Centralization therefore will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. Moreover, centralization of each litigation is consistent with our decisions in *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, MDL No. 2004, 588 F.Supp.2d 1374 (J.P.M.L. 2008); and *In re Avaulta Pelvic Support Systems Products Liability Litigation*, MDL No. 2187, 746 F.Supp.2d 1362 (J.P.M.L. 2010).

The central dispute among the parties is where each MDL should proceed. Most plaintiffs argue in favor of three MDLs proceeding in one district; namely, the Southern District of West Virginia. Defendants prefer centralization of each litigation in separate districts. We are persuaded that the Southern District of West Virginia is the most appropriate transferee forum for each of these MDLs. Chief Judge Joseph R. Goodwin of that district is currently presiding over MDL No. 2187, which involves claims of defects in similar pelvic surgical mesh products, and is uniquely situated to preside over the similar claims in these three MDLs. The pelvic surgical mesh products at issue in MDL Nos. 2325, 2326, and 2327 are used to treat similar conditions as those at issue in MDL No. 2187, and they have allegedly resulted in similar injuries. Almost all responding plaintiffs support centralization in this district, and defendants AMS and Boston Scientific concede that the Southern District of West Virginia is an appropriate transferee district. Finally, a number of these actions are brought by plaintiffs who were implanted with multiple products made by multiple manufacturers. Centralization of the three MDLs in one court will allow for coordination of any overlapping issues of fact in such multi-product, multi-defendant actions.[4]

---

[4] The Panel has determined in consultation with the transferee judge to transfer actions involving multiple manufacturer defendants to the MDL involving the first named defendant in that action.

-3-

We will not delay transfer of the District of Nevada *Erwin* action. Plaintiffs can present their motion for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). We similarly decline to exclude the District of New Jersey *Bienstock* action from MDL No. 2327, as it shares questions of fact with the actions in that MDL and does not appear to be so far advanced that it would not benefit from centralized proceedings.

We decline to include three of the actions listed on the MDL No. 2325 motion in centralized proceedings, as listed on Schedule B. After the motions to centralize were filed, plaintiffs in the District of Minnesota *Flight* action amended their complaint to bring claims only against an unrelated manufacturer. AMS is no longer named in this action and, therefore, it appears that it does not belong in MDL No. 2325. Additionally, the Southern District of West Virginia *Culbertson* action that was included in the initial motion for centralization in MDL No. 2325 is currently a part of MDL No. 2187, as it involves claims against C.R. Bard, Inc. (Bard). In transferring the claims against Bard in October 2011, the Panel separated and remanded claims against AMS to the District of South Carolina. The claims involving AMS, therefore, are still pending in the District of South Carolina, not in the Southern District of West Virginia. We have determined, however, that it is beneficial in this litigation for a particular action involving claims against multiple manufacturers to remain whole and proceed as one action. Therefore, the Panel will place the remaining claims in the District of South Carolina *Culbertson* action on a conditional transfer order for MDL No. 2187 in due course. Finally, the Western District of Louisiana *Waldroup* action, which names Boston Scientific as its first defendant, is included in the MDL No. 2325 motion for centralization but not on the MDL No. 2326 motion for centralization. As we have determined to transfer such multi-product, multi-defendant actions to the MDL involving the first named defendant, the Panel will not transfer this action with the present order, but will instead place the action on a conditional transfer order in MDL No. 2326.

On the basis of the papers filed and hearing session held we find that the actions contained in each MDL involve common questions of fact, and that centralization of each of MDL No. 2325, 2326 and 2327 in the Southern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the motions for centralization of MDL No. 2325, MDL No. 2326, and MDL No. 2327 in the Southern District of West Virginia are granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A, encompassing MDL No. 2325 actions involving AMS, are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of the three actions listed on Schedule B is denied.

-4-

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule C, encompassing MDL No. 2326 actions involving Boston Scientific, are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule D, encompassing MDL No. 2327 actions involving Ethicon, are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED ON

FEB - 7 2012

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     Barbara S. Jones
Paul J. Barbadoro     Marjorie O. Rendell
Charles R. Breyer